Todd M. Friedman (SBN 216752)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 South Beverly Drive #725
Beverly Hills, California 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*tfriedman@attorneysforconsumers.com*

Thomas A. Zimmerman, Jr. (*pro hac vice anticipated*)
Adam M. Tamburelli (SBN 301902)
Matthew C. De Re (*pro hac vice anticipated*)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
*tom@attorneyzim.com*
*adam@attorneyzim.com*
*matt@attorneyzim.com*

***Attorneys for Plaintiff Glenn McMillan***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLENN McMILLAN, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company, HARVEST POWER, INC., a Delaware corporation, and GRO-WELL BRANDS, INC., a Delaware corporation, <br><br> Defendants. | Case No. <br><br> **<u>CLASS ACTION</u>** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. Consumers Legal Remedies Act; <br> 2. California Unfair Competition Law; <br> 3. California False Advertising Law; <br> 4. The Consumer Fraud and Deceptive Trade Practice Laws of the various States and the District of Columbia; <br> 5. Fraudulent Misrepresentation; and <br> 6. Unjust Enrichment. <br><br><br> **<u>DEMAND FOR JURY TRIAL</u>** |

# CLASS ACTION COMPLAINT

Plaintiff GLENN McMILLAN ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through counsel at Zimmerman Law Offices, P.C. and The Law Offices of Todd M. Friedman, P.C., brings this action against Defendants LOWE'S HOME CENTERS, LLC ("Lowe's"), HARVEST POWER, INC. ("Harvest Power"), and GRO-WELL BRANDS, INC. ("Gro-Well") (collectively, "Defendants"), as follows:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually, and on behalf of a Class of similarly situated consumers throughout the United States, to redress the pervasive pattern of fraudulent, deceptive, and otherwise improper advertising, sales, and marketing practices in which Defendants continue to engage regarding the quantity of mulch contained in each bag of mulch sold by Defendants.

2.     Defendants advertise, market, and sell the private-label "Premium Mulch" ("Premium Mulch") in many home improvement retail stores nationwide.

3.     Defendants represent that the bags of Premium Mulch they sell come in bags that contain two (2) cubic feet of mulch.  However, these bags contain substantially and materially less than two (2) cubic feet of mulch.

4.     Plaintiff brings this action on behalf of himself and other similarly situated individuals, entities, and consumers throughout the United States to halt

2

the dissemination of these false and misleading advertising messages, correct the false and misleading perception they have created in the minds of purchasers, and to obtain redress for those who have purchased Defendants' offending mulch products, as described herein.

**PARTIES**

5.    Plaintiff Glenn McMillan is, and at all times relevant to this action has been, a resident of Bakersfield, California and, thus, is a citizen of California.

6.    Defendant Harvest Power is a Delaware corporation that has its principal place of business in Waltham, Massachusetts.  Harvest Power, therefore, is a citizen of Delaware and Massachusetts.  Harvest Power manufactures, packages, advertises, markets, and sells the private-label Premium Mulch product exclusively to Lowe's for retail sale to tens of thousands of purchasers nationwide, including in the State of California.  Harvest Power does business in the State of California as Harvest Organics, Inc.

7.    Defendant Gro-Well is a Delaware corporation that has its principal place of business in Tempe, Arizona.  Gro-Well, therefore, is a citizen of Delaware and Arizona.  Gro-Well manufactures, packages, advertises, markets, and sells the private-label Premium Mulch product exclusively to Lowe's for retail sale to tens of thousands of purchasers nationwide, including in the State of California.

8.    Defendant Lowe's is a North Carolina limited liability company that has its principal place of business in Wilkensboro, North Carolina.  Lowe's, therefore, is a citizen of North Carolina.  Lowe's is nationwide retailer, and promotes, markets, and sells the Premium Mulch products complained of herein in its home improvement retail stores to tens of thousands of purchasers nationwide, including those in the State of California.

## JURISDICTION AND VENUE

9.    Jurisdiction over Defendants is proper because they conduct business within this District.  Therefore, Defendants have the minimum contacts necessary to fall under the jurisdiction of this Court.

10.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d).  The proposed Class involves more than 100 individuals.  A member of the proposed Class is a citizen of a state different from at least one Defendant, and the amount of controversy, in the aggregate, exceeds the sum of $5,000,000 exclusive of interest and costs.

11.    Venue is proper in this district under 28 U.S.C. § 1391, because a substantial part of the events and omissions giving rise to the claims occurred in this District.

//

//

## SUBSTANTIVE ALLEGATIONS

12.    Premium Mulch is a private-label mulch product sold at retail exclusively by Lowe's.

13.    Lowe's contracts with Harvest Power and Gro-Well relative to the manufacture, packaging, distribution, and sale of Premium Mulch in various States, including California.

14.    Harvest Power and Gro-Well manufacture, package, distribute, and sell Premium Mulch exclusively to Lowe's, pursuant to their respective contractual agreements with Lowe's, and Lowe's sells Premium Mulch as a private-label product in its home improvement retail stores nationwide, including those in California.

15.    In the State of California, Lowe's sells Premium Mulch that is manufactured, packaged, and distributed by Harvest Power and Gro-Well.

16.    Pursuant to Lowe's respective contractual agreements with Harvest Power and Gro-Well, Lowe's directs, controls, and participates in Harvest Power's and Gro-Well's manufacturing and packaging of the Premium Mulch, including directing and controlling the representations regarding Premium Mulch on each bag of Premium Mulch.

17.    At the direction and under the control of Lowe's, Harvest Power and Gro-Well each packages and sells Premium Mulch in plastic bags of uniform size and volume.

18.    Upon information and belief, at the direction and under the control of Lowe's, Harvest Power and Gro-Well have each implemented and utilize a standard mechanized process for distributing a uniform amount of mulch in each bag of Premium Mulch.  Each bag of Premium Mulch contains a uniform amount of mulch.

19.    At all relevant times, Lowe's knew the uniform amount of mulch distributed in each bag of Premium Mulch manufactured by Harvest Power and Gro-Well.

20.    At all relevant times, Harvest Power and Gro-Well each knew the uniform amount of mulch distributed in each bag of Premium Mulch that they manufactured for retail sale in Lowe's home improvement stores nationwide, including in California.

21.    Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and, pursuant to its respective contractual agreements with Harvest Power and Gro-Well, Lowe's directed Harvest Power and Gro-Well to utilize said bag in packaging the Premium Mulch.

22.    Lowe's was responsible for developing the textual and graphic content on the standard, uniform bag used to contain and sell Premium Mulch, including the representations on the bag regarding the amount of mulch in each bag of Premium Mulch.    Harvest Power and Gro-Well were each responsible for printing said content and representations on the bags of Premium Mulch.

23.    Lowe's, Harvest Power, and Gro-Well were responsible for ensuring that the uniform amount of mulch distributed in each bag of Premium Mulch matched the representations on the bag regarding the amount of mulch in each bag of Premium Mulch.

24.    On each bag of Premium Mulch, Lowe's, Harvest Power, and Gro-Well each represent that the bag contains two (2) cubic feet of mulch.    Specifically, Lowe's, Harvest Power, and Gro-Well each represent that the "Net Contents" of each bag of Premium Mulch are "2 Cu. Ft."

25.    Lowe's, Harvest Power's, and Gro-Well's representations relating to Premium Mulch are intended to convey to prospective purchasers of Premium Mulch that the mulch will suffice to fully cover a specifically defined area.    For example, on some bags of Premium Mulch, Lowe's, Harvest Power, and Gro-Well each represent and warrant that four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches.    However, on other bags of Premium Mulch, Lowe's, Harvest Power, and Gro-Well each represent and

warrant that four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

26.     Lowe's, Harvest Power's, and Gro-Well's representation regarding the forty-eight (48) square foot coverage of four (4) bags of Premium Mulch is based and dependent upon the existence of two (2) cubic feet of mulch in each bag of Premium Mulch.

27.     If four (4) bags of Premium Mulch will cover forty-eight (48) square feet at a depth of two (2) inches, then one (1) bag of Premium Mulch will necessarily cover twelve (12) square feet at a depth of two (2) inches.

28.     The volume of a space measuring 41.57 inches in length 41.57 inches in width (i.e., 12 square feet) and 2 inches in height equals two (2) cubic feet.

29.     If there is less than two (2) cubic feet of mulch in a bag of Premium Mulch, then it will not cover twelve (12) square feet at a depth of two (2) inches, and, accordingly, four (4) bags of Premium Mulch will not cover forty-eight (48) square feet at a depth of two (2) inches.  Moreover, it is mathematically impossible for four (4) bags of two (2) cubic feet of Premium Mulch to cover fifty (50) square feet at a depth of two (2) inches.  Thus, even if there is two (2) cubic feet of mulch in the bag, Lowe's, Harvest Power's, and Gro-Well's representations that four (4) bags of two (2) cubic feet of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches are still false.

30.    Plaintiff, and members of the Class, suffered injuries in fact and lost money as a result of Defendants' conduct described herein in the form of monies they would not otherwise have paid for bags of Premium Mulch.

31.    Had Plaintiff and members of the Class known that the bags of Premium Mulch they purchased contained substantially and materially less than two (2) cubic feet of mulch, they would not have purchased the mulch, and/or would have paid substantially and materially less for the mulch.

## FACTS RELATING TO PLAINTIFF

32.    Prior to purchasing Premium Mulch, Plaintiff was repeatedly exposed to, saw, read, and understood each Defendant's advertisements and representations described herein regarding (a) Defendants' brands of mulch, including Premium Mulch; (b) the amount of mulch in bags of Premium Mulch; and (c) the amount of square footage that Premium Mulch will cover at a depth of two (2) inches.

33.    On April 13, 2014, Plaintiff visited a Lowe's retail store located in Bakersfield, California.

34.    During his visit, and prior to making his purchase, Plaintiff was exposed to, saw, read, and understood Lowe's, Harvest Power's, and Gro-Well's representations on their bags of Premium Mulch that the "Net Contents" of each bag of Premium Mulch are "2 Cu. Ft," and that four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

9

35.    On April 13, 2014, Plaintiff purchased bags of Premium Mulch from Lowe's that were manufactured and packaged by Harvest Power and Gro-Well.

36.    Plaintiff purchased the aforesaid Premium Mulch in reliance on Lowe's, Harvest Power's, and Gro-Well's aforesaid promises, misrepresentations, and omissions contained on the packages of mulch.

37.    The bags of Premium Mulch purchased by Plaintiff did not contain two (2) cubic feet of mulch, and in fact, contained substantially and materially less than two (2) cubic feet of mulch.

38.    The bags of Premium Mulch purchased by Plaintiff contained approximately 1.50 cubic feet of mulch, or approximately 25% less than advertised.

39.    Plaintiff suffered injuries in fact and lost money as a result of Defendants' conduct described herein in the form of monies he would not otherwise have paid for bags of Premium Mulch.

40.    Had Plaintiff known that the bags of mulch that he purchased contained substantially and materially less than two (2) cubic feet of mulch, he would not have purchased the mulch, and/or would have paid substantially and materially less for the mulch.

41.    Prior to purchasing the Premium Mulch, Plaintiff and any other prospective purchaser of these products are unable to ascertain the amount of mulch in the bags.

42.    After Plaintiff purchased the bags of mulch from Lowe's, Plaintiff discovered that his bags of mulch did not contain two (2) cubic feet of mulch as advertised, and in fact, contained substantially and materially less mulch than two (2) cubic feet of mulch.

43.    Thereafter, Plaintiff's counsel retained a private investigator to further investigate the quantity of mulch contained in bags of Premium Mulch.  The private investigator purchased multiple bags of Premium Mulch from three (3) Lowe's retail stores, and measured the amount of mulch contained in each bag. This investigation revealed that each bag of Premium Mulch contained substantially and materially less than two (2) cubic feet of mulch (i.e., an average of approximately 1.5 cubic feet of mulch, or 25% less mulch than advertised in each bag).

44.    By "short packing" the bags of mulch, Defendants are able to (a) increase their profit margin per bag by selling a lesser amount of mulch than advertised, and (b) save money on the cost of freight, as they can put more bags of mulch on a truck if there is less mulch in the bag.

//

# CLASS ALLEGATIONS

45. **Class Definition**: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a nationwide Class of similarly situated individuals, defined as follows:

> All individuals and entities in the United States who purchased one or more bags of Premium Mulch from Lowe's on or after May 27, 2004.

Excluded from the Class are: (1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any person who has had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person. Any claims for personal injury or consequential damages, not otherwise permitted under the facts pled herein, are expressly excluded from this action. Plaintiff reserves the right to amend the Class definition as necessary.

46. **Numerosity**: Upon information and belief, the Class comprises thousands of consumers throughout the nation, and is so numerous that joinder of all members of the Class is impracticable. While the exact number of Class members is presently unknown and can only be ascertained through discovery, Plaintiff believes that there are thousands of Class members based upon the fact that (1) Lowe's is one of the largest retail home improvement chains in the country, with over 1,800 stores nationwide, and over $50 billion in revenue in 2013; (2) Harvest Power maintains thirty (30) operating sites in North America, and sells

nearly 33 million bags of soil, mulch, and fertilizer products annually; and (3) Gro-Well is the largest company in the Southwest United States specializing in the production and marketing of all natural and organic products, including mulch products, with production facilities in Arizona, New Mexico, Idaho, and California, and Gro-Well sells its mulch products to home improvement retailers throughout the country, including Lowe's.

47.  **Ascertainability**: Class members can be easily identified through Defendants' records or by other means.  Premium Mulch is sold exclusively by Lowe's.  Additionally, Lowe's sponsors its "MyLowe's" program, a customer loyalty program that tracks customers' purchases.  Thus, Class members' information is recorded by Lowe's, and all information regarding the sale of Premium Mulch would be located in Lowe's centralized database.

48.  **Commonality and Predominance**: There is a well-defined community of interest in the questions of law and fact presented in this case. Several questions of law and fact common to the claims of the Plaintiff and members of the putative Class predominate over any individual issues, including:

> a.  Whether Lowe's contracts with Harvest Power and Gro-Well relative to the manufacture, packaging, distribution, and sale of Premium Mulch;
>
> b.  Whether Lowe's directs, controls, and participates in Harvest Power's and Gro-Well's manufacturing, packaging, advertising, and marketing relative to Premium Mulch, including directing

and controlling the representations regarding Premium Mulch on each bag of the mulch;

c.    Whether Harvest Power and Gro-Well have implemented and utilize a standard mechanized process for distributing in each bag of Premium Mulch a uniform amount of mulch;

d.    Whether Lowe's created and developed a standard, uniform bag to contain and sell Premium Mulch, and whether Lowe's directed Harvest Power and Gro-Well to utilize said bag in packaging the Premium Mulch;

e.    Whether Harvest Power and Gro-Well distribute in each bag of Premium Mulch a uniform amount of mulch that is substantially and materially less than two (2) cubic feet;

f.    Whether Defendants knew or should have known that the bags of Premium Mulch contain substantially less than two (2) cubic feet of mulch;

g.    Whether Defendants misrepresented the amount of mulch contained in bags of Premium Mulch, and the area that a bag of mulch will cover;

h.    Whether Defendants acted fraudulently, wantonly, and/or maliciously in representing to Plaintiff and the Class that bags of Premium Mulch contained two (2) cubic feet of mulch;

i.    Whether Defendants' conduct was fraudulent or misleading;

j.    Whether Defendants' conduct violated the California Consumers Legal Remedies Act;

k.    Whether Defendants' conduct violated the California Business and Professions Code;

l.    Whether Defendants' conduct violated the consumer protection laws of each of the 50 states and the District of Columbia;

m.    Whether Defendants' conduct as alleged herein constitutes fraudulent misrepresentation;

n.    Whether Defendants' conduct resulted in unjust enrichment to Defendants;

o.    Whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss; and

p.    Whether Plaintiff and the Class members are entitled to injunctive relief.

49.    **Typicality**: Plaintiff's claims are typical of the claims of the proposed Class. All claims are based on the same legal and factual issues. Defendants' conduct was common and uniform to all Class members.

50.    **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interests antagonistic to those of the proposed Class. Plaintiff has retained competent counsel experienced in the prosecution of this type of litigation. The questions of law and fact common to the proposed Class members predominate over any questions affecting only individual Class members.

51.    **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. The trial and the litigation of Plaintiff's claims are manageable.

52.     Unless a class is certified, Defendants will retain monies received as a result of their conduct that was wrongfully taken from Plaintiff and Class members.  Unless an injunction is issued, Defendants will continue to commit the violations alleged, and the members of the proposed Class and the general public will continue to be misled.

53.     Defendants have acted and refuse to act on grounds generally applicable to the proposed Class, making appropriate final injunctive relief with respect to the proposed Class as a whole.

## COUNT I
### Violation of the California Consumers Legal Remedies Act
### (Cal.Civ.Code §§ 1750, *et seq.*)

54.     Plaintiff repeats and re-alleges the allegations in Paragraphs 1-53 with same force and effect as though fully set forth herein.

55.     Cal.Civ.Code § 1770 makes unlawful "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods."

56.     Premium Mulch is a "good" as defined by Cal.Civ.Code § 1761(a).

57.     Each Defendant is a "person" as defined by Cal.Civ.Code § 1761(c).

58.     Plaintiff and members of the Class are "consumers" as defined by Cal.Civ.Code § 1761(d).

16

59.    By advertising, marketing, and selling Premium Mulch to consumers within the State of California, Defendants affect commerce and trade within the State of California.

60.    Defendants engaged, and still engage, in unfair or deceptive acts or practices in violation of Cal.Civ.Code § 1770(a)(5) when, in advertising, marketing, and selling Premium Mulch, Defendants misrepresented the quantities of goods by representing that (a) the Premium Mulch contained two (2) cubic feet of mulch, (b) one bag of mulch will cover twelve (12) square feet at a depth of two (2) inches, and (c) four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

61.    Defendants engaged, and still engage, in unfair or deceptive acts or practices in violation of Cal.Civ.Code § 1770(a)(9) when, in advertising, marketing, and selling Premium Mulch, Defendants advertise goods with intent not to sell them as advertised by representing that (a) the Premium Mulch contained two (2) cubic feet of mulch, (b) one bag of mulch will cover twelve (12) square feet at a depth of two (2) inches, and (c) four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

62.    Defendants intended, and still intend, that Plaintiff and the members of the Class rely upon Defendants' misrepresentations and omissions concerning the quantity of mulch in each bag of Premium Mulch.

63.    Defendants' misrepresentations and omissions possess the tendency or capacity to mislead and create the likelihood of deception.

64.    Defendants' actions, as set forth herein, are acts related to the advertisement and sale of consumer merchandise, and constitute unfair and deceptive trade practices in violation of Cal.Civ.Code § 1770.

65.    The quantity of mulch in a bag of Premium Mulch is a material fact upon which consumers rely.

66.    Acting as reasonable consumers, had Plaintiff and the Class members known that the bags of Premium Mulch contained substantially and materially less than two (2) cubic feet of mulch, Plaintiff and the Class members would have declined to purchase Premium Mulch at the proffered price.

67.    As a direct and proximate result of these unfair, deceptive and unconscionable commercial practices, Plaintiff and the members of the Class have suffered damages in the form of monies they would not otherwise have paid for bags of Premium Mulch ("Restitution Damages"), plus additional incidental and consequential damages ("Actual Damages") resulting from their purchase of Premium Mulch.

68.    Due to Defendants' misrepresentations and omissions described above, Plaintiff, individually, and on behalf of the Class, seeks injunctive relief, pursuant to Cal.Civ.Code § 1780(a)(2).    Plaintiff seeks an order enjoining

Defendants' illegal conduct and ordering Defendants to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's, Harvest Power, and Gro-Well will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's, Harvest Power's, and Gro-Well's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch.

69.    Concurrently with the filing of this Complaint, Plaintiff has sent notice to Defendants of their violations of Cal.Civ.Code § 1770 in accordance with Cal.Civ.Code § 1782.  If Defendants fail to make the demanded corrections within thirty (30) days of receipt of Plaintiff's notice, Plaintiff will amend this Count in the Complaint and seek Restitution Damages, Actual Damages and punitive damages in this Count.

70.    Plaintiff seeks the recovery of court costs and attorneys' fees pursuant to Cal.Civ.Code § 1780(e).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.    Designating Plaintiff as representative of the Class, and his undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff and the Class and against Defendants;

D.    Issuing an order enjoining Defendants' conduct as requested herein;

E.    Awarding Plaintiff reasonable attorney's fees and costs; and

F.    Granting all such further and other relief as the Court deems just and appropriate.

## <u>COUNT II</u>
### Violation of the California Unfair Competition Law
### (Cal.Bus. & Prof.Code §§ 17200, *et seq.*)

71.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-53 with same force and effect as though fully set forth herein.

72.    Cal.Bus. & Prof.Code § 17200 makes unlawful fraudulent business acts or practices, and unfair, deceptive, untrue, or misleading advertising.

73.    Each Defendant is a "person" as defined by Cal.Bus. & Prof.Code § 17201.

74.    By advertising, marketing, and selling Premium Mulch to consumers within the State of California, Defendants affect commerce and trade within the State of California.

75.    Defendants violated, and continue to violate, Cal.Bus. & Prof.Code §§ 17200, *et seq.* when, in marketing and selling Premium Mulch, Defendants

represent that (a) the Premium Mulch contained two (2) cubic feet of mulch, (b) one bag of mulch will cover twelve (12) square feet at a depth of two (2) inches, and (c) four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

76.    Defendants intended, and still intend, that Plaintiff and the members of the Class rely upon Defendants' misrepresentations and omissions concerning the quantity of mulch present in each bag of Premium Mulch.

77.    Defendants' misrepresentations and omissions possessed the tendency or capacity to mislead and create the likelihood of deception.

78.    Defendant's actions, as set forth herein, were acts related to the advertisement and sale of consumer merchandise, and constitute unfair and deceptive trade practices in violation of Cal.Bus. & Prof.Code § 17200.

79.    The quantity of mulch in a bag of Premium Mulch is a material fact upon which consumers rely.

80.    Acting as reasonable consumers, had Plaintiff and the Class members known that the bags of Premium Mulch contained substantially and materially less than two (2) cubic feet of mulch, Plaintiff and the Class members would have declined to purchase Premium Mulch at the proffered price.

81.    As a direct and proximate result of these unfair, deceptive and unconscionable commercial practices, Plaintiff and the members of the Class have

suffered damages in the form of monies they would not otherwise have paid for bags of Premium Mulch (*i.e.*, Restitution Damages). Plaintiff, individually, and on behalf of the Class, seeks Restitution Damages.

82. Due to Defendants' misrepresentations and omissions described above, Plaintiff, individually, and on behalf of the Class, also seeks injunctive relief, pursuant to Cal.Bus. & Prof.Code § 17203. Plaintiff seeks an order enjoining Defendants' illegal conduct and ordering Defendants to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's, Harvest Power, and Gro-Well will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's, Harvest Power's, and Gro-Well's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch.

83. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees pursuant to the California Code of Civil Procedure § 1021.5, which is available to a prevailing plaintiff who wins relief for the general public.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of the Class, prays for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiff as representative of the Class and his undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiff and the Class and against Defendants;

D. Ordering disgorgement of the money that the Plaintiff and the Class paid to purchase Premium Mulch, and awarding the disgorged money as Restitution Damages to Plaintiff and the Class;

E. Issuing an order enjoining Defendants' conduct as requested herein;

F. Awarding Plaintiff reasonable attorney's fees and costs; and

G. Granting all such further and other relief as the Court deems just and appropriate.

## <u>COUNT III</u>
**Violation of the California False Advertising Law**
**(Cal.Bus. & Prof.Code §§ 17500, *et seq*.)**

84. Plaintiff repeats and re-alleges the allegations in Paragraphs 1-53 with same force and effect as though fully set forth herein.

85. Cal.Bus. & Prof.Code § 17500 makes unlawful false or misleading statements made in the advertisement of property for sale.

86. Each Defendant is a "person" as defined by Cal.Bus. & Prof.Code § 17506.

23

87.    By advertising, marketing, and selling Premium Mulch to consumers within the State of California, Defendants affect commerce and trade within the State of California.

88.    Defendants violated, and continue to violate, Cal.Bus. & Prof.Code §§ 17500, *et seq*. when, in marketing and selling Premium Mulch, Defendants represent that (a) the Premium Mulch contained two (2) cubic feet of mulch, (b) one bag of mulch will cover twelve (12) square feet at a depth of two (2) inches, and (c) four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

89.    Defendants intended, and still intend, that Plaintiff and the members of the Class rely upon Defendants' misrepresentations and omissions concerning the quantity of mulch present in each bag of Premium Mulch.

90.    Defendants' misrepresentations and omissions possessed the tendency or capacity to mislead and create the likelihood of deception.

91.    Defendant's actions, as set forth herein, were acts related to the advertisement and sale of consumer merchandise, and constitute unfair and deceptive trade practices in violation of Cal.Bus. & Prof.Code § 17500.

92.    The quantity of mulch in a bag of Premium Mulch is a material fact upon which consumers rely.

93.    Acting as reasonable consumers, had Plaintiff and the Class members known that the bags of Premium Mulch contained substantially and materially less than two (2) cubic feet of mulch, Plaintiff and the Class members would have declined to purchase Premium Mulch at the proffered price.

94.    As a direct and proximate result of these unfair, deceptive and unconscionable commercial practices, Plaintiff and the members of the Class have suffered damages in the form of monies they would not otherwise have paid for bags of Premium Mulch (*i.e.*, Restitution Damages). Plaintiff, individually, and on behalf of the Class, seeks Restitution Damages.

95.    Due to Defendants' misrepresentations and omissions described above, Plaintiff, individually, and on behalf of the Class, also seeks injunctive relief, pursuant to Cal.Bus. & Prof.Code § 17535.  Plaintiff seeks an order enjoining Defendants' illegal conduct and ordering Defendants to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's, Harvest Power, and Gro-Well will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's, Harvest Power's, and Gro-Well's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch.

96.    In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees pursuant to the California Code of Civil Procedure § 1021.5, which is available to a prevailing plaintiff who wins relief for the general public.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, and on behalf of the Class, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.    Designating Plaintiff as representative of the Class and his undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff and the Class and against Defendants;

D.    Ordering disgorgement of the money that the Plaintiff and the Class paid to purchase Premium Mulch, and awarding the disgorged money as Restitution Damages to Plaintiff and the Class;

E.    Issuing an order enjoining Defendants' conduct as requested herein;

F.    Awarding Plaintiff reasonable attorney's fees and costs; and

G.    Granting all such further and other relief as the Court deems just and appropriate.

//

//

## COUNT IV

**Violation of the Consumer Fraud and Deceptive Trade Practices Acts
of the Various States and the District of Columbia**

97.    Plaintiff repeats and realleges the allegations of Paragraphs 1-53 with the same force and effect as though fully set forth herein.

98.    Plaintiff brings this Count individually, and on behalf of all similarly situated residents of each of the 50 states and the District of Columbia for violations of the respective statutory consumer protection laws, as follows:

A.    the Alabama Deceptive Trade Practices Act, Ala.Code 1975, § 8–19–1, *et seq.*

B.    the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471, *et seq.*;

C.    the Arizona Consumer Fraud Act, A.R.S §§ 44-1521, *et seq.*;

D.    the Arkansas Deceptive Trade Practices Act, Ark.Code §§ 4-88-101, *et seq.*;

E.    the California Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.* and 17500 *et seq.*;

F.    the California Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*;

G.    the Colorado Consumer Protection Act, C.R.S.A. § 6-1-101, *et seq.*;

H.    the Connecticut Unfair Trade Practices Act, C.G.S.A. § 42-110, *et seq.*;

I.    the Delaware Consumer Fraud Act, 6 Del. C. § 2513, *et seq.*;

J.    the D.C. Consumer Protection Procedures Act, DC Code § 28-3901, *et seq.*;

K.   the Florida Deceptive and Unfair Trade Practices Act, FSA § 501.201, *et seq.*;

L.   the Georgia Fair Business Practices Act, OCGA § 10-1-390, *et seq.*;

M.   the Hawaii Unfair Competition Law, H.R.S. § 480-1, *et seq.*;

N.   the Idaho Consumer Protection Act, I.C. § 48-601, *et seq.*;

O.   the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 *et seq.*;

P.   the Indiana Deceptive Consumer Sales Act, IN ST § 24-5-0.5-2, *et seq.*

Q.   The Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714H.1, *et seq.*;

R.   the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.*;

S.   the Kentucky Consumer Protection Act, KRS 367.110, *et seq.*;

T.   the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401, *et seq.*;

U.   the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205-A, *et seq.*;

V.   the Maryland Consumer Protection Act, MD Code, Commercial Law, § 13-301, *et seq.*;

W.   the Massachusetts Regulation of Business Practices for Consumers Protection Act, M.G.L.A. 93A, *et seq.*;

X.   the Michigan Consumer Protection Act, M.C.L.A. 445.901, *et seq.*;

Y.   the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.*;

Z.   the Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*;

28

AA.  the Missouri Merchandising Practices Act, V.A.M.S. § 407, *et seq.*;

BB.  the Montana Unfair Trade Practices and Consumer Protection Act of 1973, Mont. Code Ann. § 30-14-101, *et seq.*;

CC.  the Nebraska Consumer Protection Act, Neb.Rev.St. §§ 59-1601, *et seq.*;

DD.  the Nevada Deceptive Trade Practices Act, N.R.S. 41.600, *et seq.*;

EE.  the New Hampshire Regulation of Business Practices for Consumer Protection, N.H.Rev.Stat. § 358-A:1, *et seq.*;

FF.  the New Jersey Consumer Fraud Act, N.J.S.A. 56:8, *et seq.*;

GG.  the New Mexico Unfair Practices Act, N.M.S.A. §§ 57-12-1, *et seq.*;

HH.  the New York Consumer Protection from Deceptive Acts and Practices, N.Y. GBL (McKinney) § 349, *et seq.*;

II.  the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen Stat. § 75-1.1, *et seq.*;

JJ.  the North Dakota Consumer Fraud Act, N.D. Cent.Code Chapter 51-15, *et seq.*;

KK.  the Ohio Consumer Sales Practices Act, R.C. 1345.01, *et seq.*;

LL.  the Oklahoma Consumer Protection Act, 15 O.S.2001, §§ 751, *et seq.*;

MM.  the Oregon Unlawful Trade Practices Act, ORS 646.605, *et seq.*;

NN.  the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq.*;

OO.  the Rhode Island Deceptive Trade Practices Act, G.L.1956 § 6-13.1-5.2(B), *et seq.*;

PP.    the South Carolina Unfair Trade Practices Act, SC Code 1976, §§ 39-5-10, *et seq*.;

QQ.    the South Dakota Deceptive Trade Practices and Consumer Protection Act, SDCL § 37-24-1, *et seq*.;

RR.    the Tennessee Consumer Protection Act, T.C.A. § 47-18-101, *et seq*.;

SS.    the Texas Deceptive Trade Practices-Consumer Protection Act, V.T.C.A., Bus. & C. § 17.41, *et seq*.;

TT.    the Utah Consumer Sales Practices Act, UT ST § 13-11-1, *et seq*.;

UU.    the Vermont Consumer Fraud Act, 9 V.S.A. § 2451, *et seq*.;

VV.    the Virginia Consumer Protection Act of 1977, VA ST § 59.1-196, *et seq*.;

WW.    the Washington Consumer Protection Act, RCWA 19.86.010, *et seq*.;

XX.    the West Virginia Consumer Credit And Protection Act, W.Va.Code § 46A-1-101, *et seq*.;

YY.    the Wisconsin Deceptive Trade Practices Act, WIS.STAT. § 100.18, *et seq*.; and

ZZ.    the Wyoming Consumer Protection Act, WY ST § 40-12-101, *et seq*.

99.    Premium Mulch is a consumer good.

100.    Defendants engaged, and still engage, in unfair or deceptive acts or practices when, in advertising, marketing, and selling Premium Mulch, Defendants misrepresented the quantities of goods by representing that (a) the Premium Mulch contained two (2) cubic feet of mulch, (b) one bag of mulch will cover twelve (12)

square feet at a depth of two (2) inches, and (c) four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

101.   Defendants intended, and still intend, that Plaintiff and the members of the Class rely upon Defendants' misrepresentations and omissions concerning the quantity of mulch present in each bag of Premium Mulch.

102.   Defendants' misrepresentations and omissions possessed the tendency or capacity to mislead and create the likelihood of deception.

103.   The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the advertising, marketing, and sale, of Premium Mulch to Plaintiff and the Class members.

104.   The above-described deceptive and unfair acts offend public policy and cause substantial injury to consumers.

105.   The quantity of mulch in a bag of Premium Mulch is a material fact upon which consumers rely.

106.   Acting as reasonable consumers, had Plaintiff and the Class members known that the bags of Premium Mulch contained substantially and materially less than two (2) cubic feet of mulch, Plaintiff and the Class members would have declined to purchase Premium Mulch at the proffered price.

107.   As a direct and proximate result of these unfair, deceptive and unconscionable commercial practices, Plaintiff and the members of the Class have

suffered damages in the form of monies they would not otherwise have paid for bags of Premium Mulch (i.e., Restitution Damages) and additional incidental and consequential damages (i.e., Actual Damages) resulting from their purchase of Premium Mulch. Plaintiff, individually, and on behalf of the Class, seeks Restitution Damages, Actual Damages, and punitive damages, along with reasonable attorney's fees and costs.

108.    Due to Defendants' misrepresentations and omissions described above, Plaintiff, individually, and on behalf of the Class, also seeks injunctive relief. Plaintiff seeks an order enjoining Defendants' illegal conduct and ordering Defendants to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's, Harvest Power, and Gro-Well will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's, Harvest Power's, and Gro-Well's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

> A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.      Designating Plaintiff as representative of the Class and his undersigned counsel as Class Counsel;

C.      Entering judgment in favor of Plaintiff and the Class and against Defendants;

D.      Ordering disgorgement of the money that the Plaintiff and the Class paid to purchase Premium Mulch, and awarding the disgorged money as Restitution Damages to Plaintiff and the Class;

E.      Awarding Plaintiff and the Class their Actual Damages, punitive damages, including interest thereon, as allowed or required by law;

F.      Issuing an order enjoining Defendants' conduct as requested herein;

G.      Awarding Plaintiff reasonable attorney's fees and costs; and

H.      Granting all such further and other relief as the Court deems just and appropriate.

## <u>COUNT V</u>
### Fraudulent Misrepresentation
### (Based on California Common Law)

109.    Plaintiff repeats and re-alleges the allegations in Paragraphs 1-53 with same force and effect as though fully set forth herein.

110.    Lowe's, Harvest Power, and Gro-Well falsely and fraudulently represented to Plaintiff and the Class members that (a) the Premium Mulch contained two (2) cubic feet of mulch, (b) one bag of mulch will cover twelve (12) square feet at a depth of two (2) inches, and (c) four (4) bags of Premium Mulch will cover fifty (50) square feet at a depth of two (2) inches.

111.   When said representations were made, Lowe's, Harvest Power, and Gro-Well knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

112.   These representations were made by Lowe's, Harvest Power, and Gro-Well with the intent of defrauding and deceiving Plaintiff and the Class members.

113.   The quantity of mulch in a bag of Premium Mulch is a material fact upon which consumers rely.

114.   At the time these representations were made by Lowe's, Harvest Power, and Gro-Well, Plaintiff and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

115.   Acting as reasonable consumers, had Plaintiff and the Class members known that the bags of Premium Mulch contained substantially and materially less than two (2) cubic feet of mulch, Plaintiff and the Class members would have declined to purchase Premium Mulch at the proffered price.

116.   Acting as reasonable consumers and in reliance upon said representations, Plaintiff and the Class members purchased Premium Mulch, thereby sustaining damage and injury in the form of monies they would not otherwise have paid for bags of Premium Mulch.

117.   Lowe's, Harvest Power, and Gro-Well knew that the bags of Premium Mulch contain substantially and materially less than two (2) cubic feet of mulch, and therefore would cause Plaintiff and the Class members damage and injury.

118.   As a direct and proximate result of these fraudulent misrepresentations, Plaintiff and the members of the Class have suffered damages in the form of monies they would not otherwise have paid for bags of Premium Mulch (i.e., Restitution Damages) and additional incidental and consequential damages (i.e., Actual Damages) resulting from their purchase of Premium Mulch. Plaintiff, individually, and on behalf of the Class, seeks Restitution Damages, Actual Damages, and punitive damages, along with reasonable attorney's fees and costs.

119.   Due to Defendants' fraudulent misrepresentations described above, Plaintiff, individually, and on behalf of the Class, also seeks injunctive relief. Plaintiff seeks an order enjoining Defendants' illegal conduct and ordering Defendants to either (i) institute procedures to ensure that each bag of Premium Mulch sold by Lowe's, Harvest Power, and Gro-Well will contain two (2) cubic feet of mulch, and distribute in each bag of Premium Mulch a uniform amount of two (2) cubic feet of mulch, or (ii) alter Lowe's, Harvest Power's, and Gro-Well's packaging, advertising, and marketing materials to reflect the actual amount of mulch distributed in each bag of Premium Mulch.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.    Designating Plaintiff as representative of the Class and his undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff and the Class and against Defendants;

D.    Ordering disgorgement of the money that the Plaintiff and the Class paid to purchase Premium Mulch, and awarding the disgorged money as Restitution Damages to Plaintiff and the Class;

E.    Awarding Plaintiff and the Class their Actual Damages, punitive damages, including interest thereon, as allowed or required by law;

F.    Issuing an order enjoining Defendants' conduct as requested herein;

G.    Awarding Plaintiff reasonable attorney's fees and costs; and

H.    Granting all such further and other relief as the Court deems just and appropriate.

## **COUNT VI**
### **Unjust Enrichment**
### **(Based on California Common Law)**

120.  Plaintiff repeats and realleges the allegations of Paragraphs 1-53 with the same force and effect as though fully set forth herein.

36

121.   Lowe's, Harvest Power, and Gro-Well intentionally misrepresented and concealed, and continue to misrepresent and conceal, material facts regarding the quantity of mulch in each bag of Premium Mulch.

122.   When said representations were made, Lowe's, Harvest Power, and Gro-Well knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

123.   These representations were made by Lowe's, Harvest Power, and Gro-Well with the intent of defrauding and deceiving Plaintiff and the Class members.

124.   The quantity of mulch in a bag of Premium Mulch is a material fact upon which consumers rely.

125.   At the time these representations were made by Lowe's, Harvest Power, and Gro-Well, Plaintiff and the Class members were unaware of the falsity of said representations and reasonably believed them to be true.

126.   Acting as reasonable consumers, had Plaintiff and the Class members known that the bags of Premium Mulch contained substantially and materially less than two (2) cubic feet of mulch, Plaintiff and the Class members would have declined to purchase Premium Mulch at the proffered price.

127.   Acting as reasonable consumers and in reliance upon said representations, Plaintiff and the Class members purchased Premium Mulch,

thereby sustaining damage and injury in the form of monies they would not otherwise have paid for bags of Premium Mulch.

128.    Defendants have acquired and retained money belonging to Plaintiff and the Class as a result of their wrongful conduct: their false and misleading marketing, advertising, and labeling of Premium Mulch.  Each individual sale and rental nets Defendants profit at the expense of the consumer.

129.    Defendants appreciate or know of such a benefit.

130.    Under the principles of equity, Defendants should not be allowed to keep the money belonging to Plaintiff and the members of the Class because Defendants have unjustly received it as a result of their unlawful actions as described herein.

131.    Plaintiff, on behalf of himself and the Class, seeks Restitution Damages for Defendants' unlawful conduct, as well as interest and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A.    Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B.    Designating Plaintiff as representative of the Class and his undersigned counsel as Class Counsel;

C.    Entering judgment in favor of Plaintiff and the Class and against Defendants;

D.    Ordering disgorgement of the money that the Plaintiff and the Class paid to purchase Premium Mulch, and awarding the disgorged money as Restitution Damages to Plaintiff and the Class;

E.    Awarding Plaintiff reasonable attorney's fees and costs; and

F.    Granting all such further and other relief as the Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by a jury on all counts so triable.


Dated:  May 6, 2015                    LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:   s/Todd M. Friedman
Todd M. Friedman (SBN 216752)
Attorney for: Plaintiff GLENN MCMILLAN, individually, and on behalf of all others similarly situated.


ZIMMERMAN LAW OFFICES, P.C.


By:   s/Adam M. Tamburelli
Thomas A. Zimmerman, Jr. (*pro hac vice anticipated*)
Adam M. Tamburelli (SBN 301902)
Matthew C. De Re (*pro hac vice anticipated*)
Attorneys for: Plaintiff GLENN MCMILLAN, individually, and on behalf of all others similarly situated.

39