UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN McMILLAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, and GROWELL BRANDS, INC.,<br><br>Defendants. | No.  1:15-CV-00695-KJM-SMS<br><br><br>ORDER |

Plaintiff Glenn McMillan ("plaintiff" or "Mr. McMillan") filed this putative class action against defendants Lowe's Home Centers, LLC ("defendant" or "Lowe's") and Gro-Well Brands, Inc. ("Gro-Well"),[1] alleging that they misrepresented the quantity of mulch contained in the private-label Premium Mulch bags.  This matter is before the court on Lowe's' motion to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  Def.'s Mot. Dismiss, ECF No. 23 ("Mot.").  Plaintiff opposes the motion.  Pl.'s Opp'n Mot. Dismiss, ECF No. 36 ("Opp'n").  The court decided the motion without a hearing.  As explained below, the court DENIES defendant's motion to dismiss.

---

[1] Mr. McMillan initially also brought claims against manufacturer Harvest Power, Inc., but the court dismissed those claims pursuant to a joint stipulation on July 29, 2015.  ECF No. 32.

1

I.     FACTUAL ALLEGATIONS AND CLAIMS

Mr. McMillan filed the complaint on May 6, 2015, making the following allegations. Compl., ECF No. 1. Lowe's contracts with Gro-Well for the "manufacture, packaging, distribution, and sale of Premium Mulch," a private-label product sold exclusively at Lowe's stores. *Id.* ¶¶ 13–14. Based on the contractual agreements, Lowe's "directs, controls, and participates in [the] manufacturing and packaging of the Premium Mulch." *Id.* ¶ 16. Specifically, Lowe's created a standard, uniform bag for the packaging of the mulch, *id.* ¶ 21, and developed the "textual and graphic content" on the bags, including the representations regarding the amount of mulch in each bag, *id.* ¶ 22. Lowe's also directed Gro-Well to "utilize a standard mechanized process for distributing a uniform amount of mulch in each bag." *Id.* ¶ 18.

The Premium Mulch bag labels are false and misleading because they represent that the "Net Contents" of each bag is "2 Cu. Ft.," *id.* ¶ 24, but the bags actually contain substantially less than two cubic feet of mulch, *id.* ¶¶ 3, 37. As a result, four bags do not cover forty-eight square feet at a depth of two inches, as represented on some of the labels. *Id.* ¶¶ 25–29. Lowe's and Gro-Well both knew the actual uniform amount of mulch distributed in each bag. *Id.* ¶¶ 19–20.

On April 13, 2014, Mr. McMillan purchased bags of Premium Mulch from a Lowe's retail store in Bakersfield, California. *Id.* ¶¶ 33–35. Mr. McMillan was injured as a result of defendants' misconduct, and would not have purchased Premium Mulch had he known that the bags did not contain two cubic feet of mulch. *Id.* ¶¶ 30–31.

Based on these allegations, the complaint asserts six causes of action: (1) violation of California's Consumers Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750 *et seq.*; (2) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (3) violation of California's False Advertising Law (FAL), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (4) violation of the consumer fraud and deceptive trade practices acts of each of the fifty states and the District of Columbia; (5) fraudulent misrepresentation; and (6) unjust enrichment. *Id.* ¶¶ 54–131.

/////

II.     LEGAL STANDARD

    A.     Rule 12(b)(6)

        Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

        Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss, this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

    B.     Rule 9(b)

        Allegations of fraud are subject to a higher standard and must be pleaded with particularity.  Fed. R. Civ. P. 9(b).  To comply with Rule 9(b), allegations of fraud "must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted).  This includes "the who, what, when, where, and how of the misconduct charged."

3

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation marks and citation omitted).

If fraud is not an essential element of a particular claim, "only those allegations . . . which aver fraud are subject to Rule 9(b)'s heightened pleading standard." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124–25 (9th Cir. 2009) (citing *Vess*, F.3d at 1105) (applying Rule 9(b) to California's consumer protection statutes). However, if a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim," the claim as a whole is said to sound in fraud and must satisfy Rule 9(b). *Vess*, 317 F.3d at 1103–04.

III.   DISCUSSION

   A.   Issue Preclusion

Mr. McMillan argues that this court should adopt the ruling of an Illinois district court under the doctrine of issue preclusion. Opp'n at 9–17. On November 19, 2014, Mr. McMillan and Amy Joseph ("Ms. Joseph") brought an action against Lowe's in the Northern District of Illinois for its alleged participation in a scheme to "short-pack" bags of mulch. First Am. Compl. from *Joseph v. Lowe's Home Centers, LLC, et al.*, No. 14-3866 (N.D. Ill.), Friedman Decl., Ex. A, ECF No. 36-1. On January 30, 2015, Lowe's filed a motion to dismiss the first amended complaint under Rule 12(b)(6) for failure to state a claim. Mot. Dismiss from *Joseph*, Friedman Decl., Ex. B, at 4–10. In its motion, Lowe's argued that plaintiffs failed to allege sufficient facts to plausibly aver its knowledge of or participation in the short-packing scheme. *Id.*

On May 6, 2015, Mr. McMillan filed the complaint in the instant action. ECF No. 1. On May 7, 2015, after Lowe's' motion to dismiss in the Illinois action was briefed, but before the court ruled on it, Mr. McMillan voluntarily dismissed his claims in the Illinois action without prejudice, leaving Ms. Joseph as the sole plaintiff. *See* Opp'n at 4. On May 14, 2015, the Illinois district court denied Lowe's' motion to dismiss with respect to Ms. Joseph's fraud-based claims, concluding that the allegations "are sufficient to plausibly suggest that Lowe's both knew of the alleged short-packing scheme and participated in it." Mem. Op. & Order from *Joseph*, Friedman Decl., Ex. C, at 7. Mr. McMillan argues that this court should give preclusive effect to the ruling

4

of the Illinois district court that the allegations sufficiently aver Lowe's knowledge of and participation in the short-packing scheme under the federal pleading requirements. Opp'n at 9–17.

Issue preclusion, also termed collateral estoppel, "prevents parties from relitigating an issue of fact or law if the same issue was determined in prior litigation." *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999). The doctrine is referred to as "offensive non-mutual" issue preclusion when "a plaintiff seeks to estop a defendant from relitigating an issue which the defendant previously litigated and lost against another plaintiff." *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 775 (9th Cir. 2003). Offensive non-mutual issue preclusion is only appropriate if four prerequisites are met:

> (1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action.

*Syverson v. Int'l Bus. Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2006) (internal citations omitted). Even if the prerequisites are met, courts have authority to consider a number of "indices of unfairness" to determine whether it is equitable to give the prior judgment preclusive effect. *Id.* at 1078–79.

Here, Lowe's was a party in the prior action, and the parties do not dispute that there was a full and fair opportunity to litigate the issues raised by Lowe's in its prior motion to dismiss. However, the parties dispute whether the Illinois court's ruling was a "final judgment" under the third prerequisite.

1.  Final Judgment

In *Luben Industries, Inc. v. United States*, 707 F.2d 1037 (9th Cir. 1983), the Ninth Circuit established the applicable legal standard for determining finality: "A 'final judgment' for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be 'sufficiently firm' to be accorded conclusive effect." *Id.* at 1040. The court also set forth several factors relevant to determining whether a prior adjudication is "sufficiently firm," including: whether the decision was "avowedly tentative"; whether the parties were fully

5

heard and "the court supported its decision with a reasoned opinion"; and whether "*the decision was subject to appeal or was in fact reviewed on appeal.*" *Id.* (quoting Comment "g" to Restatement (Second) of Judgments § 13 (1982)) (emphasis added in *Luben*).  Considering these factors, the Ninth Circuit in *Luben* affirmed the district court's determination that an interlocutory memorandum opinion from a prior action should not be given preclusive effect. *Id.*  The basis for the district court's decision was that "[a]s an interlocutory order [the opinion from the prior action] is subject to free revision by the court on its own motion or on motion of any party at any time before judgment." *Id.*

Similarly, in *St. Paul Fire & Marine Insurance Co. v. F.H.*, 55 F.3d 1420 (9th Cir. 1995), the Ninth Circuit held that a partial grant of summary judgment was not a final judgment for purposes of issue preclusion, because: "it could not have been appealed . . . when it was entered"; "[i]t was subject to reconsideration on proper motion"; and "[t]he court could, on its own initiative, revise the order at any time before judgment." *Id.* at 1425; *accord Avondale Shipyards, Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269–71 (5th Cir. 1986); *see also Householder Grp., LLLP v. Van Mason*, Nos. 09-2370 & 10-0918, 2010 WL 5093117, at *3 (D. Ariz. Dec. 8, 2010) ("The Ninth Circuit's language [in *St. Paul*] concerning the non-preclusive effect of a partial summary judgment order is both forceful and general in nature, and strongly suggests that the opportunity to appeal and the finality of an order are important, if not the most important, considerations for a district court.").

Although Mr. McMillan correctly notes that several federal courts of appeal have applied issue preclusion to interlocutory orders, even though there were to be further proceedings on the merits in both actions, "[t]he most prominent [of these] decisions have involved issues that were resolved by appeal prior to final judgment in the first action." *Avondale*, 786 F.2d at 1270 (quoting Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4434, at 321) (alterations in *Avondale*).  In *Syverson*, for example, the relevant ADEA waiver issue had been resolved by the Eighth Circuit and then remanded at the time the district court for the Northern District of California gave the Eighth Circuit's ruling preclusive effect.  *See* 472 F.3d at 1075, 1079.  The Ninth Circuit found that the Eighth Circuit's decision on the waiver question was

sufficiently "final," even though there were to be further proceedings on remand on the merits, because the Eighth Circuit's opinion left "no room for . . . reconsideration" of the waiver issue. *Id.* at 1079. In *Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80 (2d Cir. 1961), the Second Circuit expressly noted that it might have denied finality had there not been an opportunity to review the prior decision in a separate court on appeal. *Id.* at 89–90 (giving preclusive effect to the First Circuit's decision that the party opposing arbitration had made no showing of a genuine issue as to the existence of an agreement to arbitrate).

That said, Mr. McMillan primarily relies on one Seventh Circuit case, *Gilldorn Savings Ass'n v. Commerce Savings Ass'n*, 804 F.2d 390 (7th Cir. 1986), to support his position. *See* Opp'n at 13. In that action, Gilldorn moved to dismiss a lawsuit in Texas based on the argument that the claims should have been brought as compulsory counterclaims in an earlier filed Illinois case. 804 F.2d at 392. The Texas court denied the motion, so Gilldorn filed a motion in the pending Illinois action to enjoin prosecution of the Texas action. *Id.* The Illinois court granted the motion based on the same compulsory counterclaim argument that the Texas court had rejected. *Id.* On appeal, the Seventh Circuit held that the Illinois district court should have given preclusive effect to the Texas court's decision, even though there had been no opportunity for review on appeal, because the Texas court's decision was not tentative, the issue had been fully briefed in the Texas action, and the plaintiff had ample incentive to vigorously litigate the compulsory counterclaim argument in the Texas action. 804 F.2d at 393–94. Although the reasoning in *Gilldorn* gives this court pause, Ninth Circuit precedent reviewed above weighs against applying the doctrine of issue preclusion in this instance. As in *St. Paul*, the Illinois court's order here denying Lowe's' motion to dismiss is not currently appealable and is subject to free revision by the court on its own motion or on motion of any party at any time before judgment. *See St. Paul*, 55 F.3d at 1425. Accordingly, the court finds that the Illinois district court's order is not "sufficiently firm" to constitute a final judgment for purposes of issue preclusion.

2.     Indices of Unfairness

The court also finds it would not be equitable to apply offensive issue preclusion against Lowe's in this action. The Supreme Court has granted trial courts broad discretion in applying offensive issue preclusion, because its use "does not promote judicial economy in the same manner as defensive use does." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979). The Court explained:

> Since a plaintiff will be able to rely on a previous judgment against a defendant but will not be bound by that judgment if the defendant wins, the plaintiff has every incentive to adopt a "wait and see" attitude, in the hope that the first action by another plaintiff will result in a favorable judgment . . . . [P]otential plaintiffs . . . have everything to gain and nothing to lose by not intervening in the first action.

*Id.* at 330.

Although Mr. McMillan was initially also a party in the Illinois action, he voluntarily dismissed his claims in that action under Rule 41(a) of the Federal Rules of Civil Procedure, one week before the Illinois court ruled on Lowe's' motion to dismiss. Rule 41 nullifies the proceedings and "leaves the parties as though no action had been brought." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997); *see also City of S. Pasadena v. Mineta*, 284 F.3d 1154, 1157–58 (9th Cir. 2002) (collecting cases). The Eighth Circuit has explained that a voluntary dismissal under Rule 41(a) "carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim. Neither res judicata nor collateral estoppel is traditionally applicable to a voluntary dismissal." *In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 551 F.2d 213, 219 (8th Cir. 1977) (internal citation and quotation marks omitted). Because Mr. McMillan voluntarily dismissed his claims before the Illinois court's ruling, he would not have been bound by that judgment had the court ruled in Lowe's' favor. His attempt now to benefit from the court's judgment in Ms. Joseph's favor does not promote equity.

In sum, the court declines to give preclusive effect to the Illinois court's decision because the ruling was not a "final judgment" and it would not be equitable to apply offensive

issue preclusion against Lowe's in this action. Nevertheless, the court finds the reasoning of the Illinois court decision persuasive and independently reaches the same result, as explained below.

### B. Sufficiency of Fraud Allegations

#### 1. Lowe's' Participation in the Alleged Fraud

Defendant's motion to dismiss does not challenge the sufficiency of the pleadings to allege the existence of a short-packing scheme, but instead challenges the sufficiency of the pleadings to aver Lowe's' knowledge of and participation in the alleged scheme. A retailer is not required to police each and every representation made by the products on its shelves. *See In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1012 (S.D. Cal. 2011); *cf. Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002) ("The concept of vicarious liability has no application to actions brought under the unfair business practices act." (citation omitted)). Rather, a retailer may only be held liable for unlawful business practices when it personally participated in, and had control over, the conduct giving rise to a claim. *Herron v. Best Buy Co. Inc.*, 924 F. Supp. 2d 1161, 1169 (E.D. Cal. 2013) (citing *Emery*, 95 Cal. App. 4th at 960; *In re Firearm Cases*, 126 Cal. App. 4th 959, 985 (2005)). Moreover, Federal Rule of Civil Procedure 9(b) "does not allow a complaint to . . . lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (citation omitted) (alterations in *Destfino*).

In contrast to the pleadings in the cases cited by defendant, plaintiff's complaint does not allege that Lowe's passively sold products on its shelves with misleading or deceptive labels. Nor does it merely lump the defendants together without distinguishing between their actions. The complaint specifically alleges that Lowe's directs and controls the manufacturing and packaging of the Premium Mulch through contractual agreements. Compl. ¶ 16. The complaint further alleges that Lowe's created a standard, uniform bag for packaging the mulch and developed the textual and graphic content on its labels, including the representations regarding the amount of mulch in each bag. *Id.* ¶¶ 21–22. The court accepts these allegations as true at this stage and finds that they sufficiently allege Lowe's' participation in the alleged short-

1  packing scheme.  The allegations are specific enough to give Lowe's notice of the particular

2  misconduct alleged so that it can defend against the charge.  *See Swartz*, 476 F.3d at 764.

3     2.   Lowe's' Knowledge of the Alleged Fraud

4     To be liable, a retailer must also know, or through reasonable care should know,

5  that the misrepresentations alleged are false.  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136,

6  1145 (9th Cir. 2012); *Kowalsky v. Hewlett-Packard Co.*, No. 10-02176, 2011 WL 3501715, at *4

7  (N.D. Cal. 2011); *see* Cal. Bus. & Prof. Code § 17500 (provision of FAL prohibiting any

8  statement in advertising "which is untrue or misleading, and which is known, or which by the

9  exercise of reasonable care should be known, to be untrue or misleading").  The heightened

10  pleading requirements of Rule 9(b) do not apply to allegations of "[m]alice, intent, knowledge,

11  and other conditions of a person's mind."  Fed. R. Civ. P. 9(b).  However, allegations of

12  knowledge still must satisfy the "less rigid—though still operative—strictures of Rule 8."

13  *Kowalsky*, 2011 WL 3501715, at *3 (quoting *Ashcroft*, 556 U.S. at 687).

14     As discussed above, the complaint alleges that Lowe's created a standard, uniform

15  bag for packaging the mulch and developed the textual and graphic content on the bag.

16  Compl. ¶¶ 21–22.  The complaint further alleges that through contractual agreements, Lowe's

17  controlled the manufacturing and packaging of the mulch, *id.* ¶ 16, and directed Gro-Well to

18  "utilize a standard mechanized process for distributing a uniform amount of mulch in each bag,"

19  *id.* ¶ 18.  According to the complaint, Lowe's and Gro-Well each knew the uniform amount of

20  mulch actually distributed in each bag.  *Id.* ¶¶ 19–20.  The court finds these allegations, taken

21  with the allegation that the bags contained substantially less mulch than advertised, *id.* ¶¶ 3, 37,

22  are sufficient to plausibly suggest that Lowe's knew or should have known that the

23  representations were false.

24     The court DENIES Lowe's' motion to dismiss claims one through five of the

25  complaint.

26  C.  Unjust Enrichment

27     Lowe's also moves to dismiss plaintiff's unjust enrichment claim because unjust

28  enrichment is not a stand-alone cause of action and its remedy is duplicative of plaintiff's false

advertising and consumer fraud claims. Mot. at 9. The court rejects these arguments as grounds for dismissal.

California courts have not conclusively decided whether California law recognizes a cause of action for unjust enrichment. *See Paskenta Band of Nomlaki Indians v. Crosby*, No. 15-00538, 2015 WL 4879650, at *6 (E.D. Cal. Aug. 14, 2015) (recognizing split in California courts and applying Ninth Circuit's interpretation of California law); *City of L.A. v. Bank of Am. Corp.*, No. 13-9046, 2014 WL 2770083, at *12 (C.D. Cal. June 12, 2014) (recognizing differing treatments of unjust enrichment claims). However, the Ninth Circuit in *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753 (9th Cir. 2015), recently interpreted California law and held that while "there is not a standalone cause of action for unjust enrichment, which is synonymous with restitution . . . . [w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Id.* at 762 (quotation marks and citations omitted); *see Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014). The *Astiana* court also held that courts should not dismiss a quasi-contract claim seeking restitution as duplicative or superfluous of other claims. 783 F.3d at 762–73 (citing Fed. R. Civ. P. 8(d)(2), which allows a party to plead claims in the alternative). Accordingly, the court concluded the allegation that the defendant cosmetic company "had enticed plaintiffs to purchase their products through false and misleading labeling" and "was unjustly enriched as a result" was sufficient to state a quasi-contract claim seeking restitution. *Id.* at 762 (internal quotation marks and brackets omitted).

Since the Ninth Circuit decided *Astiana* last year, several district courts have allowed similar allegations of false advertising and unfair competition to proceed as quasi-contract claims for restitution. *See, e.g.*, *Loop AI Labs Inc. v. Gatti*, No. 15-00798, 2015 WL 5158639, at *7 (N.D. Cal. Sept. 2, 2015) (collecting cases); *Khasin v. R. C. Bigelow, Inc.*, No. 12-02204, 2015 WL 4104868, at *3 (N.D. Cal. July 7, 2015). "While the California courts have not conclusively decided this question, . . . the court is bound by the Ninth Circuit's interpretations of state law." *Paskenta*, 2015 WL 4879650, at *6 (quoting *Brown v. Gen. Steel Domestic Sales, LLC*, No. 08-00779, 2008 WL 2128057, at *5 (C.D. Cal. May 19, 2008)).

11

Here, the complaint alleges Mr. McMillan purchased Premium Mulch in reliance on Lowe's' false and misleading statements, Compl. ¶ 127, and "under the principles of equity, [Lowe's] should not be allowed to keep the money [it unjustly received]," *id.* ¶ 130; *see also generally id.* ¶¶ 120–31.  Under *Astiana*, the court finds these allegations sufficient to state a quasi-contract claim seeking restitution.  *See* 783 F.3d at 762.  To the extent Lowe's argues the unjust enrichment claim should be dismissed on the ground that it is duplicative of relief available under plaintiff's false advertising and consumer fraud claims, this does not provide a basis for dismissal.  *See* Fed. R. Civ. P. 8(d)(2); *Astiana*, 783 F.3d at 762–63.  Lowe's' motion to dismiss is therefore DENIED as to plaintiff's unjust enrichment claim.

IV.   CONCLUSION

For the foregoing reasons, the court DENIES Lowe's' motion to dismiss plaintiff's complaint.

IT IS SO ORDERED.

DATED: January 19, 2016.

_____
UNITED STATES DISTRICT JUDGE