UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN MCMILLAN,<br><br>               Plaintiff,<br><br>        v.<br><br>LOWE'S HOME CENTERS, LLC; GRO-WELL BRANDS, INC.<br><br>               Defendants. | No. 1:15-cv-00695-DAD-SMS<br><br>**ORDER GRANTING DEFENDANT GRO-WELL'S MOTION TO DISMISS**<br><br>(Doc. No. 70) |

On May 17, 2016, Glenn McMillan ("plaintiff") filed a first amended class action complaint ("FAC") against Lowe's Home Centers, LLC and Gro-Well Brands, Inc. ("defendants"). (Doc. No. 64.) Plaintiff—who seeks both monetary and injunctive relief—alleges multiple causes of action stemming from defendants' production and sale of bags of mulch that were allegedly under filled. Defendant Lowe's answered the FAC on June 2, 2016. (Doc. No. 68.) On June 14, 2016, defendant Gro-Well filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenging plaintiff's ability to seek injunctive relief. (Doc. No. 70.) Plaintiff filed an opposition on August 2, 2016. (Doc. No. 73.) Defendant Gro-Well filed a reply on August 9, 2016. (Doc. No. 74.) The court heard oral argument on August 16, 2016. (Doc. No. 76.) Attorneys Matthew De Re and Amy Newton appeared telephonically on behalf of plaintiff; attorneys Todd Noonan and Eric Roberts appeared telephonically on behalf of

/////

1

defendant Gro-Well; and attorney Phillip Eskenazi appeared telephonically on behalf of defendant Lowe's. (*Id.*)

## I.   Background

Plaintiff first filed suit against defendants on May 6, 2015.[1] (Doc. No. 1.) The allegations in plaintiff's original complaint and the FAC are largely the same. Essentially, plaintiff alleges defendant Lowe's entered into a contract with defendant Gro-Well whereby defendant Gro-Well manufactured, packaged, distributed, and sold mulch products to defendant Lowe's on an exclusive basis. (Doc. No. 64 at ¶¶ 12–13.) In turn, defendant Lowe's retailed these products to the public under its private label. (*Id.* at ¶ 2–3.) The bags were packaged and branded as "Premium Mulch", and each bag stated it contained two cubic feet of mulch. (*Id.* at ¶ 3.) Plaintiff alleges the packaging was deceptive because each bag contained materially less than the stated quantity. (*Id.* at ¶ 25.) Plaintiff further alleges defendant Gro-Well designed the packaging as well as the standard mechanized process for filling the packaging under the direction and control of defendant Lowe's. (*Id.* at ¶¶ 15–22.)

On June 22, 2015, defendant Lowe's filed a motion to dismiss plaintiff's original complaint. (Doc. No. 23.) The court subsequently denied this motion, and defendant Lowe's filed an answer. (Doc. Nos. 47, 56.) On July 27, 2015, defendant Gro-Well also filed a motion to dismiss. (Doc. No. 30.) While the court denied defendant Gro-Well's motion in large part, it did dismiss plaintiff's claim for injunctive relief. (Doc. No. 63.) The court held plaintiff lacked Article III standing to seek injunctive relief because he failed to assert that he "continue[d] to be misled by the misrepresentations or w[ould] likely be misled again." (Doc. No. 63 at 7.) However, the court granted leave to amend based on a declaration filed by plaintiff indicating that he "may be able to plead facts establishing standing." (*Id.* at 15.)

/////

/////

---

[1] Plaintiff's original complaint included a third defendant: Harvest Power, Inc. (Doc. No. 1.) On July 28, 2015, Plaintiff sought voluntary dismissal of Harvest Power from the suit pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). (Doc. No. 31.) The court granted this request on July 29, 2015. (Doc. No. 32.)

2

On December 10, 2015, defendant Gro-Well resolved an action brought against by four district attorneys in Yolo County Superior Court by entering into a stipulated final judgment enjoining it from violating the California Fair Packaging and Labeling Act.  (Doc. No. 70 at 2.)  More specifically, as a resulted of the stipulate final judgment, defendant Gro-Well is prevented "from directly or indirectly packaging bags of mulch and/or groundcover . . . in volumes less than that indicated on the packages."  (Doc. No. 70-1 at ¶ 2.)

On May 16, 2016, plaintiff filed his FAC, the current operative complaint in this action.[2]  (Doc. No. 64.)  In it, plaintiff again seeks injunctive relief and posits there is a likelihood of future harm.  Plaintiff asserts that while he "will purchase Premium Mulch (from Lowe's or elsewhere) for future home improvement projects, as [he] desires that the mulch used at his home has uniform characteristics[,]" he "will be unable to rely on any statement of quantity printed on the bags of Premium Mulch."  (*Id*. at ¶¶ 41–42.)  In its motion to dismiss, defendant Gro-Well argues these amendments fail to cure the deficiencies with respect to standing highlighted by the court in its prior order and that the stipulated final judgment in the Yolo County Superior Court action moots plaintiff's claim for injunctive relief here.  (Doc. No. 70 at 7.)

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a defendant, by motion, to raise the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  Federal district courts generally have subject matter jurisdiction over civil cases through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331.  *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1068 (9th Cir. 2005).  In a motion to dismiss for lack of subject jurisdiction, a defendant may either attack the allegations of the complaint or may attack the existence of subject matter jurisdiction in fact.  *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to show the existence of jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

---

[2] As mentioned above, defendant Lowe's answered the FAC on June 2, 2016.  (Doc. No. 68.)

3

1   In a Rule 12(b)(1) motion of this type, "the nonmoving party receives the same protections as it
2   would defending against a motion brought under Rule 12(b)(6)." *Sea Vessel Inc. v. Reyes*, 23
3   F.3d 345, 347 (11th Cir. 1994) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir.
4   1990)). Accordingly, the factual allegations of the complaint are presumed to be true, and the
5   motion is to be granted only if the plaintiff fails to allege an element necessary for subject matter
6   jurisdiction. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1
7   (9th Cir. 2003); *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless, district
8   courts "may review evidence beyond the complaint without converting the motion to dismiss into
9   a motion for summary judgment" when resolving a facial attack. *Safe Air for Everyone*, 373 F.3d
10  at 1039.

11  **III.   Analysis**

12      "[T]hose who seek to invoke the jurisdiction of the federal court must satisfy the threshold
13  requirement imposed by Article III of the Constitution by alleging an actual case or controversy."
14  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *see also City of Oakland v. Lynch*, 798
15  F.3d 1159, 1163 (9th Cir. 2015) ("A suit brought by a plaintiff without Article III standing is not
16  a 'case or controversy,' and Article III federal courts lack subject matter jurisdiction over such
17  suits.") (*quoting Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)). An actual case
18  or controversy will be held to exist when a plaintiff establishes standing. *Lujan v. Defenders of*
19  *Wildlife*, 504 U.S. 555, 560 (1992). "[S]tanding requires that (1) the plaintiff suffered an injury in
20  fact, i.e., one that is sufficiently 'concrete and particularized' and 'actual or imminent, not
21  conjectural or hypothetical,' (2) the injury is 'fairly traceable' to the challenged conduct, and (3)
22  the injury is 'likely' to be 'redressed by a favorable decision.'" *Bates v. United Parcel Service,*
23  *Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc) (citing *Lujan*, 504 U.S. at 560–61); *see also*
24  *Buono v. Norton*, 371 F.3d 543, 546 (9th Cir. 2004). Each form of relief sought requires a
25  separate showing of standing. *Friends of the Earth, Inc. v. Laidlaw Environmental Services*
26  *(TOC), Inc.*, 528 U.S. 167, 185 (2000); *Bates*, 511 F.3d at 985; *see also Haro v. Sebelius*, 747
27  F.3d 1099, 1108 (9th Cir. 2013). For prospective injunctive relief, a plaintiff "must demonstrate
28  'that he is realistically threatened by a *repetition* of [the violation].'" *Armstrong v. Davis*, 275

F.3d 849, 860–61 (9th Cir. 2001) (quoting *Lyons*, 461 U.S. at 109) *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *see also Bates*, 511 F.3d at 985. Lastly, "[i]n a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates*, 511 F.3d at 985 (citing *Armstrong*, 275 F.3d at 860).

Here, defendant Gro-Well asserts two arguments challenging plaintiff's standing to seek prospective injunctive relief. First, defendant Gro-Well argues plaintiff's declaration that he will purchase mulch in the future is too vague to constitute a concrete and particularized injury. Second, defendant Gro-Well asserts plaintiff's claim for prospective injunctive relief has been mooted by a stipulated final judgment entered in state court "permanently enjoin[ing] and restrain[ing] [defendant Gro-Well] from directly or indirectly packaging bags of mulch and/or groundcover . . . in volumes less than that indicated on the packages." (Doc. No. 70-1 at ¶ 2.) Finding defendant Gro-Well's second argument persuasive, the court need not reach the first.

"[I]n a lawsuit brought to force compliance, it is the plaintiff's burden to establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the 'threatened injury [is] certainly impending.'" *Friends of the Earth*, 528 U.S. at 190 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Because of the existence of the stipulated final judgment, plaintiff cannot credibly allege that he will be misled by defendant Gro-Well's packaging for Premium Mulch. Though the stipulated final judgment resulted from a settlement regarding alleged violations of the California Fair Packaging and Labeling Act, and plaintiff's FAC instead alleges violations of other California statutes—i.e., the CLRA, CFAL, and § 17200—the effect of that judgment mirrors the relief sought by plaintiff here: defendant Gro-Well must package bags of mulch such that their advertised volumes match the amount of product contained therein. In other words, the result sought by plaintiff "has already been mandated by a state court order." *U.S. Steel Corp. v. Industrial Welfare Commission of the State of California*, 473 F. Supp. 537, 540 (N.D. Cal. 1975).

Plaintiff puts forth two arguments to distinguish his requested relief from that obtained pursuant to the stipulated final judgment in state court. First, plaintiff claims the injunction

5

contained in the stipulated final judgment lasts for only three years. While the Ninth Circuit has held that a case or controversy cannot be mooted by a moratorium that is not permanent in nature, *see Lyons*, 461 U.S. at 101, plaintiff's assertion regarding the limited effect of the injunction imposed by the state court stipulated final judgment is not accurate. That final stipulated judgment clearly states defendant Gro-Well is "*permanently* enjoined and restrained" from engaging in the behavior plaintiff wishes to enjoin. (Doc. No. 70-1 at ¶ 2.) The three year term referenced by plaintiff concerns only defendant Gro-Well's record keeping requirements. (*Id*. at ¶ 6.) Moreover, defendant Gro-Well's record keeping obligations under the final judgment do not even end after three years; rather, defendant Gro-Well is only required to retain records for a three year period. (*Id*.)

Second, plaintiff claims the protection afforded by the final stipulated judgment falls short because it concerns only products sold by defendant Gro-Well in California, whereas plaintiff is seeking relief on behalf of a nationwide class. This argument also fails. Plaintiff is a resident of California, and there is no indication in his complaint that he has purchased or plans to purchase Premium Mulch outside of California. While unnamed class members may purchase Premium Mulch in states other than California, a named plaintiff cannot rely on the likelihood of future harm to unnamed class members in order to establish his or her own standing. *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044–45 (9th Cir. 1999); *In re Yahoo Mail Litigation*, 308 F.R.D. 577, 587 (N.D. Cal. 2015). Thus, plaintiff lacks standing to seek injunctive relief in this action.

The only question remaining is whether the court should grant plaintiff further leave to amend. The Ninth Circuit has stated:

> Normally, when a viable case may be pled, a district court should freely grant leave to amend. *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002). However, "liberality in granting leave to amend is subject to several limitations." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1090) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay. *Id*. Further, "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id*. (citing *Leighton*, 833 F.2d at 186; *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)).

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011). Here, the court will deny plaintiff further leave to amend his claim for injunctive relief. The existence of the stipulated final judgment would render plaintiff's third attempt at establishing his standing to seek injunctive relief futile.

### IV.     Conclusion

For the above stated reasons, defendant Gro-Well motion to dismiss plaintiff's claim for injunctive relief (Doc. No. 70) is granted without further leave to amend.

IT IS SO ORDERED.

Dated:   **September 13, 2016**                    _____
                                                   UNITED STATES DISTRICT JUDGE