1  **HUNTON & WILLIAMS LLP**
   Phillip J. Eskenazi (SBN 158976)
2  peskenazi@hunton.com
   Neil K. Gilman (admitted pro hac vice)
3  ngilman@hunton.com
   550 South Hope Street, Suite 2000
4  Los Angeles, California 90071-2627
   Telephone: (213) 532-2000
5  Facsimile: (213) 532-2020

6  Attorneys for Defendants
   LOWE'S HOME CENTERS, LLC
7

8              **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11  GLENN McMILLAN, individually, and        CASE NO.:  1:15-CV-00695-DAD-SKO
    on behalf of all others similarly situated,
12                                            **PROTECTIVE ORDER AND**
             Plaintiff,                       **CONFIDENTIALITY AGREEMENT**
13

14          v.

15

16  LOWE'S HOME CENTERS, LLC,
    a North Carolina limited liability
17  company, and
    GRO-WELL BRANDS, INC.,
18  a Delaware corporation,

19
             Defendants.
20

21

22

23

24

25

26

27

28

Plaintiff Glenn McMillan ("Plaintiff") and Defendants Lowe's Home Centers, LLC ("Lowe's") and Gro-Well Brands, Inc. ("Gro-Well Brands") (collectively, "Defendants"), by their respective counsel, hereby stipulate for the purpose of jointly requesting that the Court enter a protective order regarding the following terms of confidentiality (the "Order"), which shall govern all discovery taken in connection with the above-referenced case (the "Case").

## GOOD CAUSE STATEMENT

The parties believe that they may be required to produce or disclose in the Case, and that non-parties may produce or disclose, information that one or more of them contend contains information of a confidential, commercially sensitive, and/or proprietary nature and that, if disclosed in this action without restriction on its use or further disclosure, it may cause disadvantage, harm, damage and/or loss to the disclosing party or non-parties. Among other things, as part of this action, Plaintiff has requested the production of documents and information regarding customers' personal information, including names and addresses, and Defendants' business operations, agreements, and strategies, the public disclosure of which could have an adverse competitive impact on Defendants. The parties further anticipate the possibility that non-party competitor information may be produced or disclosed in the Case.

The documents that are the subject of the Order include the following categories:

(a)     Confidential business or commercial information as referenced in Federal Rule of Civil Procedure 26(c)(1)(G)[1], including without limitation information relating to specific customer information, financial information, sales records, mulch vendor quotes, proposals or agreements, customer lists, terms of payment, pricing,

---

[1] *See* FED. R. CIV. P. 26(c)(1)(G) (allowing the Court to issue a protective order, for good cause, "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

1

costs, profits, or other sales information for specific equipment, products, or parts, including mulch products.  There is a need to protect confidential business or commercial information because it could be abused if not limited to this litigation, including potential use by third party competitors.  There is also the risk of violation of privacy or consumer protection laws.

(b)    Confidential commercial research or development as referenced in Federal Rule of Civil Procedure 26(c)(1)(G), including without limitation production summaries, process development and troubleshooting, complaint handling, field reports, or other technical development data or information.  Such confidential commercial research or development information should be protected because it could be abused by third-party competitor retailers or manufacturers, and may reveal Defendants' past and future confidential business and sourcing strategies.  Such material may also contain private contact information of individual purchasers who participated in Defendants' commercial research or development.

(c)    Personnel files and other private or confidential employment records or information.  *See Board of Trustees v. Superior Court*, 119 Cal. App. 3d 516, 526 (1981) (stating it is "manifest" that the personnel, tenure, and promotion files of a professor are private and maintained in confidence).  There is a need to protect such information because employee records are maintained in confidence by Defendants.  Public dissemination of Defendants' employee information would undermine the privacy rights of Defendants' employees and potentially reveal to competitors Defendants' confidential business strategies regarding management of personnel and employee promotions.

(d)    Information subject to a separate protective order or confidentiality agreement.  There is a need for protection of material relevant to this case that is subject to other confidentiality agreements to which Defendants are parties, and which mandate that Defendants make efforts to ensure that the material be disclosed only under conditions in which the confidentiality can be maintained.  Furthermore,

discovery in this Case is likely to overlap with the substantially similar matter, *Joseph v. Lowe's Home Centers, LLC, et al.*, N.D. Ill. Case No. 1:14-cv-03866, and a protective order governing discovery in this Case would facilitate agreements among the parties in both matters to allow them to limit the dissemination of their respective sensitive business and personal information.

The parties further believe that the need for protection should be addressed by a Court order, as opposed to a private agreement between and among the parties, to facilitate the orderly and efficient discovery of relevant information while minimizing the potential for unauthorized disclosure or use of confidential, commercially sensitive, and/or proprietary information. The parties also believe that a Court order, as opposed to a private agreement, would facilitate the proper enforcement of the stipulated protective order and confidentiality agreement entered in the substantially similar litigation *Joseph v. Lowe's Home Centers, LLC, et al.*, currently pending in the Northern District of Illinois, Case No. 14-cv-3866 (Dkt. 129). In addition, the parties would like the ability to request that the Court rule on challenges to a party's confidentiality designation. The proposed protective order provides mechanisms for resolution of disputes and handling of designated evidence that involve the Court. Finally, in the parties' experience, a court-sanctioned protective order provides additional comfort and protections to third parties that may be asked to produce sensitive information in the Case.

1. **Purposes and Limitations**

1.1.    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties acknowledge that this Stipulation and Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled, under the applicable legal principles, to treatment as confidential. The

3

parties further acknowledge, as set forth in Section 4.7, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks privacy and permission from the court to file material under seal.

**2.     Confidential Information and Attorney's Eyes Only Information**

2.1.    For purposes of this Order, "Confidential Information" means the specified categories of information listed above under (a)-(d) that qualify for protection under Federal Rule of Civil Procedure 26(c), including non-public, confidential or proprietary financial, technical, commercial, or personal information that is contained or disclosed in any materials governed by this Order and designated by a producing party or person in accordance with the procedures set forth in Section 3 of this Order.

2.2.    For purposes of this Order, "Attorney's Eyes Only Information" means Confidential Information as defined in Section 2.1 above, the disclosure of which to any party or that party's personnel, other than the party or the personnel of the party producing or designating it, is likely to cause substantial and irreparable injury to the business of the producing or designating party or person.  Attorney's Eyes Only Information may include sensitive trade secrets, marketing plans, financial data, strategic plans, market analysis, product information, product development data, customer information, technical data, and/or other information contained or disclosed in any materials governed by this Order and designated in good faith by a producing party or person in accordance with the procedures set forth in Section 3 of this Order.

2.3.    When used in this Order, the word "document" encompasses all written material, video, audio or other data record, deposition testimony, written discovery responses, and all other information and tangible items, whether produced as hard copy, electronic document, computer diskette, CD-ROM or otherwise.

**3.     Designation of Confidential Information or Attorney's Eyes Only**

**Information**

3.1.    Any document, including any part thereof, a producing party (hereinafter "Producing Party," which term shall include third parties producing a document for purposes of this Case) reasonably believes falls within the definition set forth in paragraph(s) 2.1 and/or 2.2 above may be designated by Counsel for a Producing Party as Confidential Information by marking "CONFIDENTIAL," or as Attorney's Eyes Only Information by marking "ATTORNEY'S EYES ONLY," on the face of every page of the document or, if not feasible, in a conspicuous location in the name of the electronic file.  A Producing Party that so designates a document is referred to below as the "Designating Party" for such.

3.2.    Counsel for a Producing Party may designate any or all of a deponent's deposition testimony as Confidential Information or Attorney's Eyes Only Information by making a statement to that effect on the record while the deposition is being taken. Alternatively, counsel for a Producing Party may designate the transcript of a deposition as containing Confidential Information or Attorney's Eyes Only Information by notifying counsel for all parties in writing, within thirty (30) business days of receipt of the transcript, of the specific pages and lines of the transcript that contain Confidential Information or Attorney's Eyes Only Information. All deposition transcripts shall be treated as Attorney's Eyes Only Information and subject to this Order until thirty (30) business days after a transcript of the deposition is received. Any portion of any deposition testimony that is not designated as containing Confidential Information or Attorney's Eyes Only Information in accordance with this Section 3.2 shall not be entitled to the protection afforded under this Order.

3.3.    When Confidential Information or Attorney's Eyes Only Information is designated during a deposition, the designating party shall instruct the court reporter to make the following notations in the deposition transcript:

(a)    on the first page of the transcript, "This transcript contains CONFIDENTIAL [and/or ATTORNEY'S EYES ONLY]

5

Information"; and

    (b)  on each page containing Confidential Information or Attorney's Eyes Only Information, the notation "CONFIDENTIAL" (for Confidential Information) or "ATTORNEY'S EYES ONLY" (for Attorney's Eyes Only Information).

3.4.   There shall be no obligation to challenge a designation of a document as Confidential Information or Attorney's Eyes Only Information contemporaneous to such designation being made, and failure to do so shall not preclude a subsequent challenge.

3.5.   A party opposing the designation of a document as Confidential Information or Attorney's Eyes Only Information shall state the objections, including the grounds for the objection, in a letter to the designating party, within a reasonable time after receiving the document. The Designating Party shall have ten (10) business days following the receipt of the objection to withdraw its Confidential Information or Attorney's Eyes Only Information designation. If the Confidential Information or Attorney's Eyes Only Information designation is not withdrawn, the opposing party may thereafter apply to this Court for a ruling that the information or materials shall not be so designated. The burden shall be on the party designating the information as Confidential Information or Attorney's Eyes Only Information to establish, based upon a showing of good cause, that the material reasonably meets the criteria set forth in Section(s) 2.1 and/or 2.2 of this Order. If the Court determines that the designating party has not made such a showing, the information shall no longer be treated as Confidential Information or Attorney's Eyes Only Information unless such Order of the Court is stayed pending appeal.

3.6.   An interested member of the public has the right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**4.**     **Restricted Use of Confidential Information and Attorney's Eyes Only Information**

4.1.    Except upon the prior written consent of counsel for the Designating Party, each document designated as Confidential Information and Attorney's Eyes Only Information must be treated strictly in accordance with this Order, may be used or disclosed only as specified in this Order, shall not be disclosed or revealed to anyone not authorized by this Order to receive it, and shall be used only for the litigation of the Case.  Any document so designated shall not be used for any other purpose, including in connection with the investigation, instigation, or prosecution of any other unrelated litigation.

4.2.    Attorney's Eyes Only Information, and any analysis or report containing Attorney's Eyes Only Information, may be disclosed only to: (a) the Court and its personnel; (b) a mediator, and paralegal, secretarial, and clerical personnel who are employed by the mediator to assist in such proceeding, who have executed a Confidentiality Undertaking in the form attached as Exhibit A (a "Confidentiality Undertaking"); (c) counsel of record in the Case, as well as their paralegal, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this proceeding; (d) court reporters and videographers retained in connection with depositions; (e) other non-party support service including, but not limited to, professional jury or trial consultants, and professional vendors providing litigation support services, copy services, document processing, and trial graphics services, who have executed a Confidentiality Undertaking; (f) independent testifying or non-testifying experts and their support staff retained to furnish expert or technical services or to give expert testimony in connection with the Case, who are not otherwise affiliated with a party and who have executed a Confidentiality Undertaking; (g)  non-independent experts and their support staff retained to furnish expert or technical services or to give expert testimony in connection with the Case, who have executed a Confidentiality Undertaking; and (h) such other persons as the

7

parties may designate in writing by stipulation between the parties, provided, however, that before such person is shown or receives any information or document designated as confidential, they agree to be subject to the terms of this Stipulated Protective Order in writing by signing the Confidentiality Undertaking.

4.3.    Confidential Information and any analysis or report containing Confidential Information may be disclosed only to: (a) the persons entitled to receive Attorney's Eyes Only Information; (b) in-house counsel for any Party; (c)  Plaintiff and the corporate representatives (officers, directors or management) of Lowe's and Gro-Well Brands with responsibility for making business decisions dealing with litigation of the Case, who have executed a Confidentiality Undertaking; and (d) fact witnesses and their counsel during the course of and in preparation for a deposition and/or testimony in the Case, but only if counsel who discloses Confidential Information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in preparation for and conduct of the Case and the witness to whom disclosure is made executes the Confidentiality Undertaking.

4.4.    Counsel for each party shall maintain copies of Confidentiality Undertakings signed by those people to whom Confidential Information is disclosed in whole or in part. The signed Confidentiality Undertakings shall be available for inspection by counsel for each Producing Party upon reasonable notice, except that no party shall be required to disclose the name of any retained expert or consultant except as required by Rule 26(b)(4)(B) of the Federal Rules of Civil Procedure. Any individual to whom counsel for the parties makes a disclosure, pursuant to this Order, of Confidential Information or Attorney's Eyes Only Information must be advised of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

4.5.    A party may disclose Attorney's Eyes Only Information to any person not permitted to receive it under Section 4.2, or any Confidential Information to any person not permitted to receive it under Section 4.3, only as set forth in this paragraph.

The attorney for the party wishing to disclose the Attorney's Eyes Only Information or the Confidential Information shall notify counsel for the Producing Party in writing and prior to any such disclosure of: (a) the specific information, documents and/or testimony proposed to be disclosed and (b) the person(s) to whom such disclosure is proposed to be made.  The parties then shall negotiate, in good faith, to reach an agreement regarding such disclosure.  If such an agreement cannot be reached on the proposed disclosure, the party seeking to disclose Confidential Information or Attorney's Eyes Only Information shall make an appropriate motion to the Court.  The party seeking to disclose the Attorney's Eyes Only Information or the Confidential Information shall bear the burden of showing that the proposed disclosure is necessary.  The Court will rule as to whether the proposed disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.  Unless or until the Court rules otherwise, such information may not be disclosed, except as set forth in paragraphs 4.2 and 4.3.

4.6.   The inadvertent failure by the Producing Party or person to designate a document as Confidential Information or Attorney's Eyes Only Information shall not be deemed a waiver in whole or in part of the Producing Party's claims of confidentiality, either as to the material produced or as to the information it contains.  Promptly upon discovering its inadvertent error, the Producing Party or person shall notify the receiving party in writing of the error, and within ten (10) days of receipt of notice the receiving party shall either (a) mark all copies of the specified materials with the appropriate legend, (b) destroy the unmarked copies, or (c) return the unmarked copies to the Producing Party or person for marking.  If returned to the Producing Party for marking, the Producing Party shall return the marked copies to the receiving party within five (5) business days.  The production or conspicuous use, in a deposition or otherwise in the presence of counsel for a Producing Party, of a document inadvertently not designated under section 2.1 or 2.2 above shall not constitute discovery or notice of such inadvertent failure to so designate or otherwise

9

prejudice the Producing Party's ability to so designate at that time.

4.7.    Documents containing Confidential Information or Attorney's Eyes Only Information need not be filed with the Clerk except when required in connection with Motions under Federal Rules of Civil Procedure 12 or 56 or other matters pending before the Court, as set forth in this paragraph.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information or Attorney's Eyes Only Information.  A Party that seeks to file under seal any Confidential Information or Attorney's Eyes Only Information must comply with Civil Local Rule 141.  Confidential Information or Attorney's Eyes Only Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information or Attorney's Eyes Only Information at issue.  Pursuant to Civil Local Rule 141, a sealing order will issue only upon a request establishing that the Confidential Information or Attorney's Eyes Only Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

4.8.    Any party wishing to use Confidential Information and Attorney's Eyes Only Information in the trial or in any hearing in the Case shall notify the other parties of its desire to do so reasonably in advance of the trial or hearing at which the party wishes to use the information.  For trial, this notification must occur no later than the date the pre-trial order is due or one-month prior to trial, whichever period is longer.  For a hearing, this notification must occur not later than two-weeks before the hearing.  The parties shall negotiate, in good faith, to reach an agreement on the use of such Confidential Information or Attorney's Eyes Only Information, including restrictions on the manner in which such information may be used, as necessary to protect the confidentiality of the information.  If the parties cannot reach an agreement on the use of the information, the party seeking to use the information must notify the Court of its desire to use the information.  The information may be used only in the discretion

of the Court, subject to restrictions imposed by the Court to protect confidentiality of the information.

4.9.    In the event that a party is ordered or requested to produce or disclose any document(s) designated as Confidential Information or Attorney's Eyes Only Information, through a subpoena in another action, a demand in another action to which it is a party, or any other legal process served by a person not a party to the Case, the party served with the subpoena, demand, or other legal process shall object to production of the Confidential Information or Attorney's Eyes Only Information and shall give prompt written notice to the Producing Party within five (5) days of receiving the request or order. If the non-party seeking access to the Confidential Information or Attorney's Eyes Only Information takes action against the party to enforce such a subpoena, demand, or other legal process, the party shall respond by noting the existence of this Order. Nothing in this Order requires a party to challenge or appeal any order requiring production of Confidential Information or Attorney's Eyes Only Information; to subject itself to any penalties for noncompliance with any subpoena, demand, legal process, or order; or to seek any relief from this Court.

**5.    Third-Party Materials**

5.1.    Non-parties from whom documents and testimony are sought shall be entitled to designate materials as Confidential Information or Attorney's Eyes Only Information in accordance with this Order.  Furthermore, in order to give the parties to the Case adequate opportunity to designate the parties' respective Confidential Information or Attorney's Eyes Only Information contained within materials received from the non-parties, all documents and materials produced by a non-party shall be treated as follows:

5.2.    All materials produced by the non-party shall be treated as Attorney's Eyes Only Information material for a period of thirty (30) business days from the receipt by all parties of the production;

5.3.    At any time on or before the thirtieth business day from receipt of the

production, any party to the Case may specifically designate materials produced by the non-party as the party deems appropriate pursuant to this Order (namely as Confidential Information or Attorney's Eyes Only Information). A party who designates the non-party materials must promptly notify in writing all other parties to the Case of such designation and must promptly include a copy of the non-party materials, properly marked with such notification. Once non-party materials have been specifically designated as Confidential Information or Attorney's Eyes Only Information pursuant to this Section, the remaining provisions of this Order concerning use and restrictions on such Confidential Information or Attorney's Eyes Only Information shall apply;

5.4.   Any materials produced by a non-party that have not been specifically designated as Confidential Information or Attorney's Eyes Only Information by the non-party itself or by a party within the thirty-day period will lose their temporary status as Attorney's Eyes Only Information and will have no designation, subject to the provisions of Section 4.6 of this Order.

**6.   Conclusion of the Case**

6.1.   Upon final conclusion of the Case, all persons to whom Confidential Information or Attorney's Eyes Only Information has been disclosed shall, without demand, either destroy or return to the party that produced it all such Confidential Information and Attorney's Eyes Only Information (and all copies thereof), except that the party's outside counsel identified in Section 4.2(b) may retain copies of pleadings, briefs, motions and the like that include Confidential Information or Attorney's Eyes Only Information. All recipients of Confidential Information and Attorney's Eyes Only Information shall certify in writing that they have complied with the provisions of this Section 6.1.

6.2.   Upon final conclusion of the Case, (a) any Confidential Information and Attorney's Eyes Only Information that has been submitted for identification or into evidence in the trial or in any hearing in the Case may be retrieved by counsel for the

Producing Party or the party that submitted it for identification or into evidence; (b) the Clerk is authorized to deliver said Confidential Information or Attorney's Eyes Only Information to that counsel; and (c) any such Confidential Information or Attorney's Eyes Only Information not returned to counsel for the Producing Party shall be destroyed.

6.3.   This Order shall survive the final conclusion of the Case and continue in full force and effect. The Court shall retain jurisdiction to enforce this Order.

6.4.   Under no circumstances shall a party be required to produce documents or reveal information that it considers Confidential Information or Attorney's Eyes Only Information until any disputes about such documents or information have been resolved.

6.5.   Compliance with the terms of this Order shall not be deemed an admission that any documents or information are admissible in evidence and shall not constitute a waiver of any evidentiary or other objections. Entering into, agreeing to, and/or complying with the terms of this Order shall not (a) operate as an admission by any party that any document or material designated by any other party as Confidential Information or Attorney's Eyes Only Information contains or reflects proprietary, Confidential Information, or Attorney's Eyes Only Information, (b) constitute or be deemed to constitute a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, or (c) prejudice in any way the right of any party (i) to seek determination by the Court as to whether any particular document or material is Confidential Information or Attorney's Eyes Only Information or (ii) to seek relief from any provision of this Order, either generally or with respect to any particular Confidential Information or Attorneys' Eyes Only Information.

**7.   Enforcement**

7.1.   If any person bound by this Order violates its terms or threatens to violate its terms, the Producing Party shall apply to the Court to obtain relief against such

13

person. If the Producing Party seeks injunctive relief, it must petition the Court for such relief, which may be granted in the discretion of the Court.

7.2.    This Court shall retain jurisdiction over this Order and the parties to this Order, including any person who agrees to be bound by this Order by executing Exhibit A, for purposes of enforcing this Order.

**8.    Privilege**

8.1.    If, in connection with the Case, a party produces information that the party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Disclosed Protected Information"), the producing party shall promptly notify the receiving party, in writing, of the producing party's claim of attorney-client privilege or work product protection with respect to such Disclosed Protected Information.  If this notice is provided (1) at least 60-days prior to the parties' submission of final pretrial memoranda, or (2) within 14-days of the production of the Disclosed Protected Information, then, pursuant to Fed. R. Evid. 502(d), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.  Otherwise, the disclosure of the Disclosed Protected Information shall be governed by Fed. R. Evid. 502(b).

8.2.    The receiving party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 8.3—within five (5) business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

8.3.    If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within fifteen (15) days of receipt of the claim of disclosure—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion").  The Disclosure Motion

14

must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the Disclosure Motion, the receiving party must not use the Disclosed Protected Information or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

8.4.    The parties may stipulate to extend the time periods set forth in paragraphs (8.2) and (8.3).

8.5.    Disclosed Protected Information that is sought to be reclaimed by the parties to this case pursuant to this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that appear on their face to be privileged and to disclose to the Disclosing Party that such materials have been produced.

8.6.    The Disclosing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.  Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the Disclosed Protected Information.

**9.    <u>Miscellaneous</u>**

9.1.    Nothing herein shall be construed to prevent any party from using or continuing to use any information that is in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such party or of disclosure in violation of this Order.  Nothing herein shall be construed to prevent a party from using or continuing to use any documents or information known to it or used by it prior to the filing of this Order or that has come or shall come into a party's possession independently of disclosure and/or discovery in this Case, except in accordance with any pre-existing limits attached to those documents or information.

9.2.    Nothing contained in this Order shall be construed to limit any party's

rights (a) to use, in taking depositions of a party, its employees, former employees or its experts or in briefs or at trial or in any proceeding in this litigation, any information designated Confidential or Attorney's Eyes Only Information of that party, or (b) to disclose Confidential or Attorney's Eyes Only Information to any witness at a deposition or at trial who either wrote (in whole or in part), received, or lawfully has or had rightful access to such information, except that such witness must execute the Confidentiality Undertaking.  In addition, a witness may be shown any document that contains or reveals Confidential or Attorney's Eyes Only Information if the witness (a) is a 30(b)(6) witness testifying on behalf of the Producing Party, (b) is a present officer, director or employee of the Producing Party, (c) was an officer or director of the Producing Party at the time the document was sent and/or created, had access to the document while an officer or director, and who has executed a Confidentiality Undertaking, (d) was an employee of the Producing Party at the time the document was sent and/or created an is not then-employed by a competitor of the Producing Party, or (e) was an employee of the Producing Party at the time the document was sent and/or created whose duties or position while with the Producing Party would have provided access to the type of Confidential or Attorney's Eyes Only Information at issue.  Before any person listed in this section may be shown any document that contains or reveals Confidential or Attorney's Eyes Only Information, the witness must execute the Confidentiality Undertaking.

9.3.    Nothing in this Order shall prevent a party from attempting to examine as witnesses, during depositions or at trial, persons not authorized to receive documents designated as Confidential or Attorney's Eyes Only Information, as identified herein, if the examination concerns a document that the witness previously had actual lawful access to or prior knowledge of as demonstrated by the document itself or by foundation testimony, so long as the witness executes the Confidentiality Undertaking.  Nor shall this Order prevent counsel from examining a witness to determine whether he or she has prior knowledge of Confidential or Attorney's Eyes

16

Only Information, so long as such examination shall be in a manner that does not disclose the details of the designated documents.  Any Confidential or Attorney's Eyes Only Information so used shall not lose its confidential status through such use and its confidentiality shall be protected in conformance with this Order.

Dated: January 6, 2017          Respectfully submitted,

                                By:   /s/  Thomas A. Zimmerman, Jr.

                                ZIMMERMAN LAW OFFICES, P.C.
                                Thomas A. Zimmerman, Jr. (*pro hac vice*)
                                Matthew C. De Re (*pro hac vice*)
                                77 West Washington Street, Suite 1220
                                Chicago, Illinois 6060

                                - and -

                                LAW OFFICES OF TODD M. FRIEDMAN, P.C.
                                Todd M. Friedman
                                324 South Beverly Drive #725
                                Beverly Hills, California 90211

                                *Counsel for Plaintiff*
                                *Glenn McMillan*


Dated: January 6, 2017          Respectfully submitted,

                                By:   /s/  Eric M. Roberts

                                DLA PIPER LLP (US)
                                Todd M. Noonan
                                400 Capitol Mall, Suite 400
                                Sacramento, California 95814-4428

                                -and-

                                Raj N. Shah (*pro hac vice*)
                                Roger L. Longtin (*pro hac vice*)
                                Eric M. Roberts (*pro hac vice*)
                                203 North LaSalle Street, Suite 1900
                                Chicago, Illinois 60601-1293

                                *Counsel for Defendant*
                                *Gro-Well Brands, Inc.*

Dated: January 6, 2017          Respectfully submitted,

                                By:   /s/  Phillip J. Eskenazi

                                HUNTON & WILLIAMS LLP
                                Phillip J. Eskenazi (SBN 158976)
                                550 S. Hope Street, Suite 2000
                                Los Angeles, California 90071

                                - and -

                                Neil K. Gilman (*pro hac vice*)
                                2200 Pennsylvania Ave NW
                                Washington DC  20037

                                *Counsel for Defendant*
                                *Lowe's Home Centers, LLC*

IT IS SO ORDERED.

Dated:   **January 30, 2017**              /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE

19

**HUNTON & WILLIAMS LLP**
Phillip J. Eskenazi (SBN 158976)
peskenazi@hunton.com
Neil K. Gilman (admitted pro hac vice)
ngilman@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendants
LOWE'S HOME CENTERS, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN McMILLAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company, and GRO-WELL BRANDS, INC., a Delaware corporation,<br><br>Defendants. | CASE NO.: 1:15-CV-00695-DAD-SKO<br><br>**CONFIDENTIALITY UNDERTAKING** |

I acknowledge that I have been given access to, or may be given access to, certain information, materials, documents, or testimony that a party in the above-referenced litigation (the "Case") considers Confidential Information or Attorney's Eyes Only Information. I have received a copy of the Protective Order in the Case. I have read the Protective Order, I understand the terms of the Protective Order, and I agree to be bound by the terms of the Protective Order. I understand that the Protective Order, among other things, prohibits me from disclosing any Confidential Information to any person not permitted to receive it under Section 4.3 of the Protective Order, and prohibits me from disclosing any Attorney's Eyes Only Information to any person not permitted to receive it under Section 4.2 of the Protective Order, unless the person is a member of my staff allowed to have access to the information under the Protective Order, in which case I will inform that person of the contents of the Protective Order and will take all steps necessary to ensure that that person preserves the confidentiality of the information.

Dated:_____        Signature:   _____

Print Name: _____

Address:   _____

_____